

FILED
FEB 2 7 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| NORG SANDERSON, CARLA KREGE, and LARRY BRUCKMEIER as Participants in and Trustees of the Student Loan Finance Corporation Employee Stock Ownership Plan, Individually and on Behalf of the Student Loan Finance Corporation Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>-vs-<br><br>JOY NIPE,<br><br>Defendant. | CIV 06-1046<br><br>OPINION AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiffs are participants in and the current trustees of an employee stock ownership plan ("the plan") administered by the Student Loan Finance Corporation ("Student Loan"). This action was filed on behalf of the plan against defendant, a former trustee of the plan, alleging that she breached her fiduciary duties owed to the plan. Specifically, plaintiffs allege that the defendant breached her fiduciary duties as trustee when she, without notice to the other trustees, negotiated an employment agreement with Student Loan containing excessive compensation provisions. Defendant filed a motion to dismiss for failure to state a claim and an alternative motion to stay this matter pending resolution of a state court action against defendant brought by Student Loan arising out of the same employment agreement.

## OPINION

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted the district court must accept the allegations of the complaint as true and must construe them liberally in plaintiffs' favor. Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006), Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002),

Duffy v. Landberg, 133 F.3d 1120, 1122 (8th Cir. 1998), Whisman el rel. Whisman v. Rinehart, 119 F.3d 1303, 1308 (8th Cir. 1997), and Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal under Fed. R.12(b)(6) is appropriate only when it "appears beyond doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Levy v. Ohl, ___ F.3d ___, ___, 2007 WL 565052 (8th Cir. 2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

U.S. District Judge Doty set forth the pleading requirements for a breach of fiduciary duty claim in In re Xcel Energy, Inc., Securities, Derivative & ERISA Litigation, 312 F.Supp.2d 1165 (D.Minn. 2004):

> Pursuant to Rule 8, the complaint need only set forth the basis of the court's jurisdiction, a short and plain statement of the claim entitling plaintiff to relief and a demand for judgment. Fed.R.Civ.P. 8(a). Moreover, "[e]ach averment of a pleading shall be simple, concise, and direct" and all pleadings are to be construed in a manner resulting in substantial justice. *See* Fed.R.Civ.P. 8(e) & (f). Finally, "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1388 (10th Cir.1980).

In re Xcel Energy, Inc., Securities, Derivative & ERISA Litigation, 312 F.Supp.2d at 1174-75.

To plead breach of an ERISA fiduciary duty under 29 U.S.C. §§ 1104 & 1109, a plaintiff must allege:

> 1) defendant was a fiduciary of the plan, 2) defendant was acting in that capacity, and 3) defendant breached a fiduciary duty. See 29 U.S.C. § 1109. An ERISA fiduciary may be "named in the plan instrument, or ... identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly." 29 U.S.C. § 1102(a)(2).

*Id.* at 1175.

Plaintiffs allege in their complaint that defendant was a fiduciary of the plan at the time she entered into an employment agreement with Student Loan and that she breached a fiduciary duty owed to the plan by entering into an employment agreement containing excessive compensation provisions and without proper disclosure. No more is required.

2

It does not appear beyond doubt that plaintiffs can prove no facts in support of their claims. Defendant alleges that she was not precluded under the law from entering into an employment agreement with Student Loan while she was a plan trustee and that doing so does not violate any fiduciary duty. That is not the issue presented. The question is not whether merely entering into an employment agreement violated ERISA but whether plaintiffs have sufficiently alleged that defendant's conduct in entering into this specific agreement under the circumstances alleged violated her duties as a plan trustee. The strength of plaintiffs' claims is not at issue in a motion to dismiss for failure to state a claim and I therefore will not address those matters.

Plaintiffs cannot raise their ERISA claims in the pending state court matter. They are not even parties to that action. Plaintiffs have a right to have this case go forward. The motion for a stay should be denied.

## ORDER

Based upon the foregoing,

IT IS ORDERED that the motion, Doc. 9, to dismiss the complaint is denied. The alternative motion, Doc. 9, to stay is also denied.

Dated this 27th day of February, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
(SEAL)

3